[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12157

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BARRINGTON MILLER,
a.k.a. Doggie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:18-cr-00147-LGW-CLR-4

———————————————

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Barrington Miller appeals the district court's denial of his motion for compassionate release under 18 U.S.C. section 3582(c)(1)(A). We affirm.

Miller is serving a ten-year sentence for various drug offenses. He moved for compassionate release because of the coronavirus pandemic, arguing that there were "extraordinary and compelling reasons" for his release. His medical conditions, Miller asserted—including obesity, pre-diabetes, and hypertension—put him at an increased risk for complications if he contracted the coronavirus. Miller also contended that, regardless of his vaccination status, the prison lockdowns due to the coronavirus pandemic prevented him from adequately managing his hypertension and pre-diabetes through diet and exercise, which led to high blood pressure. Finally, he argued that he wasn't a danger to the community, based on his nonviolent criminal history and minimal disciplinary record while incarcerated, and that the purposes of the section 3553(a) factors already had been met by the portion of his sentence already served.

The government responded that the district court should deny Miller's compassionate release motion because his medical conditions didn't substantially diminish his ability to engage in self-care in prison, his medical conditions weren't extraordinary and

compelling, he already had received a downward variance at sentencing, and he hadn't shown that the prison was unable to treat him adequately.

The district court denied Miller's compassionate release motion because (1) he didn't show that his medical condition substantially diminished his ability to engage in self-care, (2) his medical condition wasn't extraordinary and compelling, and (3) after considering the section 3553(a) factors, he shouldn't be released two and one-half years early.

We review the district court's denial of a compassionate release request for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion when it commits a clear error of judgment, "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* at 911–12 (citations omitted). Abuse of discretion review "means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912.

Miller moved for compassionate release under section 3582(c)(1)(A), which provides that

> the court, upon motion of . . . the defendant . . . may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . .

extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [s]entencing [c]ommission.

18 U.S.C. § 3582(c)(1)(A).

Under this provision, "a district court may reduce a term of imprisonment if (1) the [section] 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and[ ] . . . (3) doing so wouldn't endanger any person or the community within the meaning of [guideline section] 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1235 (11th Cir. 2021) (discussing 18 U.S.C. § 3582(c)(1)(A)). "Because all three conditions—i.e., support in the [section] 3553(a) factors, extraordinary and compelling reasons, and adherence to [section] 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction." *Id.* at 1237–38.

On appeal, Miller argues that the district court abused its discretion in determining that he hadn't presented an "extraordinary and compelling reason" for compassionate release and that the section 3553(a) factors didn't warrant his early release. The district court, Miller contends, should've relied on the Centers for Disease Control and Prevention's guidelines and the Department of Justice's internal guidance rather than on guideline section 1B1.13. In support, Miller relies on *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021) (holding that section 1B1.13 applies only to motions of

the Bureau of Prisons), which he misidentifies as an Eleventh Circuit case.

Regardless of what the Fifth Circuit has said on the issue, the district court had to rely on guideline section 1B1.13 because we've said so. "Section 1B1.13's policy statement is applicable to all motions under [section] 3582(c)(1)(A), and, accordingly, district courts may not reduce a sentence under [s]ection 3582(c)(1)(A) unless a reduction would be consistent with [guideline section] 1B1.13." *Tinker*, 14 F.4th at 1237 (quotation omitted). Here, compassionate release wouldn't be consistent with guideline section 1B1.13.

Section 1B1.13 provides that, in some limited circumstances, a defendant's medical condition may be an extraordinary and compelling reason for compassionate release. The defendant must show either that he's: (1) "suffering from a terminal illness," or (2) "suffering from a serious physical or medical condition" or "a serious functional or cognitive impairment" or "experiencing deteriorating physical or mental health because of the aging process" and that the condition, impairment, or deterioration "substantially diminishes" his "ability" to "provide self-care" in prison and he "is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

Miller failed to show that his obesity, pre-diabetes, and hypertension substantially diminished his ability to provide self-care in prison. The record demonstrates that Miller has been able to take prescription medications and visit the chronic care clinic regularly to manage his medical complications. So, the district court didn't abuse its discretion in determining that Miller hadn't

presented an extraordinary and compelling reason for compassionate release. *See Tinker*, 14 F.4th at 1237–38.

Even if Miller had made this showing, the district court didn't abuse its discretion in determining that compassionate release wasn't warranted under the section 3553(a) factors. The district court considered Miller's mitigating arguments regarding his health concerns, that he didn't pose a danger to the community, and that the purposes of section 3553(a) already had been served. But the district court determined that, in light of the facts of the case, the factors didn't warrant a sentence reduction. As was required, the district court considered the section 3553(a) factors by specifically acknowledging the nature and circumstances of the offense and observing that numerous firearms and a large amount of marijuana were attributed to Miller. *See United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021). The district court also found that releasing Miller early wouldn't reflect the seriousness of his offenses or the needs to promote respect for the law, provide just punishment, or afford adequate deterrence.

For these reasons, the district court didn't abuse its discretion in denying Miller's motion.

**AFFIRMED.**